IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROL A. STENSVAD, | ) | Case No. 4:10-cv-3215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| MID-PLAINS COMMUNITY COLLEGE AREA, a Political Subdivision of the State of Nebraska, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff states:

*JURISDICTION AND VENUE*

1.  This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) in that claims are asserted under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.

2.  Venue lies in this District pursuant to 28 U.S.C. § 1391.

*PARTIES*

3.  Plaintiff, Carol A. Stensvad ("Stensvad") is a citizen of the United States residing in Red Willow County, Nebraska.

4.  Defendant, Mid-Plains Community College Area ("MPCC") is an educational institution and political subdivision of the State of Nebraska organized and existing by virtue of Neb. Rev. Stat. §§ 85-1501 *et seq*. (Reissue 2008). MPCC administrative offices are located in North Platte, Nebraska. The affairs of MPCC are administered by its Board of Governors.

*FACTS*

5.  At all times material herein, MPCC was an employer pursuant to 29 U.S.C. § 2611(4).

6.  At all times material herein, Stensvad was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).

7.  Stensvad was employed by MPCC commencing February 10, 2000, and served MPCC as an employee until the termination of her employment by MPCC on November 6, 2009.  Stensvad held the position of Administrative Assistant III at the time of her termination of employment.

8.  On or about October 15, 2007, Stensvad's husband, Robert D. Stensvad, was diagnosed with renal cell carcinoma.  At all times thereafter, Robert D. Stensvad has suffered from a "serious health condition" within the meaning of 29 U.S.C. § 2611(11).

9.  Commencing October 17, 2007, and at various times thereafter up to the date of Stensvad's termination of employment by MPCC, Stensvad exercised her right to intermittent FMLA leave to care for her husband.  Said leave was necessitated by Robert D. Stensvad's serious health condition.

10.  Commencing June, 2008, Doug Joyce ("Joyce") was appointed Area Dean of Economic Development and Training of MPCC.  In such capacity, Joyce served as Stensvad's supervisor.

11.  Joyce, as Stensvad's supervisor, repeatedly discouraged Stensvad from exercising her rights under the FMLA.

12. Joyce, as Stensvad's supervisor, took action to deter Stensvad from participating in protected activities under the FMLA.

15. Joyce, as Stensvad's supervisor, imposed negative consequences upon Stensvad's employment as the result of her participation in protected activities under the FMLA.

16. Joyce, as Stensvad's supervisor, took action that chilled and intimidated Stensvad from participation in protected activities under the FMLA.

17. Joyce, as Stensvad's supervisor, caused Stensvad's employment with MPCC to be terminated as the result of Stensvad's participation in activities protected by the FMLA.

## FIRST CAUSE OF ACTION

*Interference Claim 29 U.S.C. § 2615(a)(1)*

18. Stensvad restates the allegations of paragraphs 1 through 17, inclusive, as if set forth in full.

19. The conduct of MPCC, by and through its agents and employees, interfered with, restrained and/or denied the exercise of Stensvad's rights under the FMLA.

20. MPCC acted in bad faith, intentionally and willfully in interfering with, restraining and/or denying the exercise of Stensvad's rights under the FMLA.

## SECOND CAUSE OF ACTION

*Retaliation Claim 29 U.S.C. § 2615(a)(1) and (2)*

21. Stensvad restates the allegations of paragraphs 1 through 20, inclusive, as if set forth in full.

22. MPCC terminated Stensvad's employment in retaliation for the exercise of her rights under the FMLA and in order to deny, interfere with, and/or discriminate against her for exercising her rights under the FMLA.

23. MPCC acted in bad faith, intentionally and willfully in terminating Stensvad's employment and otherwise interfering with her rights under the FMLA.

24. MPCC's illegal conduct has caused significant injury to Stensvad, including, but not limited to, lost wages, future wages, other privileges of employment and future earning potential.

*PRAYER FOR RELIEF*

WHEREFORE, Stensvad requests that the Court enter judgment against MPCC and in favor of Stensvad in the following particulars, to wit:

a. Declaratory judgment that MPCC violated Stensvad's rights under the FMLA;

b. Injunction preventing MPCC from engaging in any further violation of Stensvad's rights under the FMLA;

c. Backpay and benefits;

d. Reinstatement, or in the alternative, front pay;

e. Consequential damages;

f. Liquidated damages;

g. Reasonable attorney's fees and costs;

      h.      Prejudgment interest; and

      i.      All other relief, whether at law or in equity, to which Stensvad is justly entitled.

PLAINTIFF REQUESTS TRIAL IN LINCOLN, NEBRASKA.

CAROL A. STENSVAD, Plaintiff,

s/**Scott J. Norby**
Bar Number: 16338
Attorney for Plaintiff
McGUIRE and NORBY
605 South 14th Street, Suite 220
Lincoln, Nebraska  68508
Telephone (402) 434-2390
Facsimile (402) 434-2393
E-mail: sjn901@windstream.net