IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROL A. STENSVAD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3215 |
| | ) | |
| V. | ) | |
| | ) | |
| MID-PLAINS COMMUNITY COLLEGE AREA, a Political Subdivision of the State of Nebraska, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion to Compel Production of Documents (filing 14). Plaintiff's motion will be granted, in part, and denied, in part.

Plaintiff's motion to compel relates to 118 emails identified on a privilege log submitted by Defendant. (Filing 20-1, Ex. B-1, at CM/ECF pp. 7-15.) In opposing Plaintiff's motion, Defendant maintains that the emails are protected from discovery by the attorney-client privilege and the work-product doctrine. Having reviewed the matter, and having discussed it with counsel of record during the Planning Conference held on May 9, 2011, the court finds as follows:

1. The eighty-eight emails identified on Defendant's privilege log which are dated on or later than July 23, 2009, and are either authored by David Pederson ("Pederson"), or include Pederson as a recipient, are attorney-client privileged and, thus, not subject to discovery.

2. The twenty-seven emails identified on Defendant's privilege log which are dated prior to July 23, 2009, and are neither authored by Pederson, nor include him as a recipient, are not attorney-client privileged documents. Moreover, there is insufficient evidence for the court to conclude that these emails were prepared in anticipation of litigation as is required for work-product protection. Therefore, they are subject to discovery and must be produced.

3. The three emails identified on Defendant's privilege log which are dated later than July 23, 2009, and are neither authored by Pederson, nor include him as a recipient, must be produced by Plaintiff. These documents are not attorney-client privileged and, again, there is insufficient evidence for the court to conclude that they were prepared in anticipation of litigation and are protected work-product.

In response to Plaintiff's motion to compel, Defendant filed a motion for a protective order (filing 18), seeking to shield each of the documents identified on the privilege log from discovery. Upon submission of a proposed order, Defendant's motion will be granted in such a way that conforms with the present ruling on Plaintiff's motion to compel.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Production of Documents (filing 14) is granted, in part, and denied, in part;

2. The eighty-eight emails identified on Defendant's privilege log which are dated on or later than July 23, 2009, and are either authored by David Pederson or include Pederson as a recipient, are privileged attorney-client communications and need not be produced by Defendant;

3. Defendant shall provide Plaintiff true and correct copies of the twenty-seven emails identified on Defendant's privilege log which are dated prior to July 23, 2009, and are neither authored by Pederson, nor include him as a recipient, within ten (10) days of this order;

4. Defendant shall provide Plaintiff true and correct copies of the three emails identified on Defendant's privilege log which are dated later than July 23, 2009, and are neither authored by Pederson, nor include him as a recipient, within ten (10) days of this order; and

5. Within (5) days of this order, Defendant shall submit a proposed order regarding its motion for a protective order (filing 18) currently pending before the court. Said proposed order shall conform to the ruling set forth herein.

**DATED May 9, 2011.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**